1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          EASTERN DISTRICT OF WASHINGTON
10

11   THOMAS E. FRIESEN,              No. 2:14-CV-0157-JTR
12              Plaintiff,           ORDER GRANTING
13                                   DEFENDANT'S MOTION FOR
                v.                   SUMMARY JUDGMENT
14
15   CAROLYN W. COLVIN,
16   Commissioner of Social Security,
17              Defendant.
18

19        **BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF
20   No. 14, 18.  Attorney Joseph Linehan represents Thomas E. Friesen (Plaintiff);
21   Special Assistant United States Attorney Thomas M. Elsberry represents the
22   Commissioner of Social Security (Defendant).  The parties have consented to
23   proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative
24   record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for
25   Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.
26                            **JURISDICTION**
27        Plaintiff filed an application for Disability Insurance Benefits and
28   Supplemental Security Income Benefits on March 24, 2011, alleging disability

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

since July 1, 2009, due to a gunshot wound to the left foot and resultant foot pain; hepatitis C; depression; anxiety; lack of motivation; difficulty being around people; trouble focusing; inability to stand over 1 ½ hours, walk more than two blocks, and bend over; and painful twisting. Tr. 230-238, 245. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Caroline Siderius held a hearing on February 13, 2013, Tr. 45-92, and issued an unfavorable decision on March 14, 2013, Tr. 25-40. The Appeals Council denied review on April 2, 2014. Tr. 1-6. The ALJ's March 2013 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 27, 2014. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on July 10, 1979, and was 29 years old on the July 1, 2009, alleged onset date. Tr. 230. Plaintiff received his GED in 1999 and last worked in July 2009 for a landscaping business. Tr. 246. Plaintiff reported he stopped working because of his condition. Tr. 245.

Plaintiff testified he is not able to perform labor jobs due to his foot injury and fatigue and his criminal record has prevented him from obtaining sedentary-type work. Tr. 71-73. He indicated he also has problems with back pain and headaches. Tr. 77-78. Plaintiff stated he could only sit about 30 minutes before needing to get up and change positions, stand for 15 minutes at a time, and walk about one block before he begins to experience foot pain. Tr. 76-77.

At the administrative hearing, Plaintiff's counsel related that Plaintiff has a history of issues with methamphetamine, marijuana and some alcohol, but had been clean since February 2012. Tr. 50. Plaintiff testified he had been to prison on

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

two occasions (possession of methamphetamine and second degree possession of stolen property) and jail multiple times, and stated it had been over a year since he last used methamphetamine.  Tr. 70-71.

At the administrative hearing, medical expert Minh Vu, M.D., testified Plaintiff had a history of a gunshot wound in the left foot and, as a result, had the second toe of his left foot amputated in 2005; hepatitis C; and abdominal/flank pain.  Tr. 54-55, 58.  Dr. Vu opined Plaintiff should be limited to medium exertion level work with a limitation of standing/walking four hours a day due to his left foot problems; no limitations in sitting; only occasional use of his left lower extremity; and no climbing ladders, scaffolds and ropes.  Tr. 63-64.  Dr. Vu based his opinion that Plaintiff would be able to stand/walk up to four hours a day on the consultative assessment of Dr. Rose.  Tr. 66.  Dr. Vu indicated he did not see any other evidence of record to further limit Plaintiff's residual functional capacity.  Tr. 67-68.  However, Dr. Vu responded that if Plaintiff did in fact have active hepatitis C, Plaintiff would be limited to light exertion level work.  Tr. 68.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

*Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if substantial conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

## ADMINISTRATIVE DECISION

On March 14, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 1, 2009, the alleged onset date. Tr. 27.  At step two, the ALJ determined Plaintiff had the severe impairments

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

of gunshot wound, left foot; hepatitis C; depression; anxiety; and polysubstance abuse.  Tr. 27.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 27-28.

The ALJ assessed Plaintiff's residual function capacity (RFC) and determined he could perform a range of light exertion level work (lift 20 pounds occasionally and 10 pounds frequently, sit for 6 hours a day, stand and/or walk up to 4 hours a day, walk no more than one block at a time, stand no more than 15 minutes at a time, and required a sit/stand option), except that he is unable to climb ladders, ropes or scaffolds, can only occasionally climb stairs and ramps and use foot pedals with the left foot; is not able to work at unprotected heights; can have only occasional contact with the general public; and is capable of performing only 1 to 3 step tasks.  Tr. 29-30.

The ALJ concluded at step four that Plaintiff was not able to perform his past relevant work as a carpenter, janitor or lawn service worker.  Tr. 38.  However, at step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of cashier II and assembly (bench hand).  Tr. 39.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 1, 2009, through the date of the ALJ's decision, March 14, 2013.  Tr. 40.

## ISSUE

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff's sole contention is that the ALJ erred by failing to properly consider the opinions of John Arnold, Ph.D., regarding Plaintiff's psychological limitations.

**DISCUSSION**

**A.    Plaintiff's Credibility**

While Plaintiff has not specifically challenged the ALJ's finding that Plaintiff is not fully credible, Tr. 37, the Court finds the ALJ's adverse credibility determination significant in this case.

The rationale provided by the ALJ for finding Plaintiff's allegations of limitation lacked credibility, Tr. 34-37, is fully supported by the record, and the ALJ's determination in this regard is uncontested by Plaintiff.  *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (issues not specifically and distinctly contested in a party's opening brief are considered waived).  As discussed in Section B, below, one of the reasons provided by the ALJ for according Dr. Arnold's opinions little weight is that Dr. Arnold relied on the subjective report of symptoms and limitations provided by Plaintiff.  *See infra.* Since Plaintiff was properly found by the ALJ to be not entirely credible in this case, it was appropriate for the ALJ to accord little weight to a medical report based primarily on Plaintiff's subjective complaints.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (a physician's opinion premised primarily on a claimant's subjective complaints may be discounted where the record supports the ALJ's discounting of the claimant's credibility).

**B.    Dr. Arnold**

Plaintiff asserts the ALJ erred by failing to accord proper weight to the opinions of examining medical professional John Arnold, Ph.D., regarding Plaintiff's psychological limitations.  Plaintiff argues the opinions expressed by Dr. Arnold demonstrate he is more limited from a psychological standpoint than what was determined by the ALJ in this case.

The ALJ concluded the objective medical evidence did not support the level of limitation alleged by Plaintiff.  Tr. 34.  In addition to finding exertional limitations, the ALJ concluded Plaintiff would be limited to performing 1 to 3 step

tasks with only occasional contact with the general public. Tr. 29-30. In making her mental RFC determination, the ALJ specifically accorded "little weight" to the check-box portion of Dr. Arnold's report. Tr. 38.

Dr. Arnold examined Plaintiff on January 23, 2013, and completed a Psychological Assessment Report, Tr. 465-469, which is accompanied by a check-box Mental Medical Source Statement, Tr. 470-473. Dr. Arnold's narrative report indicates Plaintiff was referred by his attorney for a general psychological assessment to determine if his mental health problems thwarted gainful employment. Tr. 465. Although Dr. Arnold opined that the report "appeared to be a generally valid and reliable sample of [Plaintiff's] current psychological functioning," the results of the MMPI-2RF were "questionably valid, at best," and Plaintiff's PAI profile was deemed interpretable but "with mild embellishment." Tr. 467. Dr. Arnold also found Plaintiff may very well have serious medical problems, but his symptom presentation and level of emotional involvement appeared above what would normally be expected in general medical samples. Tr. 468. It was noted that formal IQ testing was not accomplished and "would be needed for a more reliable estimate of [Plaintiff's] intellect." Tr. 468. Dr. Arnold diagnosed Undifferentiated Somatoform Disorder; Dysthymic Disorder, Late Onset; Amphetamine Dependence, in self-reported early full remission; Cannabis Use, Rule Out Abuse/Dependence; Antisocial Personality Disorder; Rule Out Borderline Intellectual Functioning; and Chronic Abdomen Pain/Hepatitis C since 1998, by history. Tr. 469. He gave Plaintiff a Global Assessment of Functioning ("GAF") score of 55, which is indicative of moderate functional limitations. *See* Diagnostic and Statistical Manual of Mental Disorders-IV 32 (4th ed. 1994). Dr. Arnold also filled out a Mental Medical Source Statement form. Tr. 470-473. Dr. Arnold checked boxes on the form which indicated Plaintiff had several marked functional limitations. Tr. 471. The Court finds the ALJ appropriately accorded Dr. Arnold's check-box findings little weight. *See infra*.

The ALJ initially "emphasized" that Plaintiff underwent the examination with Dr. Arnold "not in an attempt to seek treatment for his symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for [his disability claim]." Tr. 38. The Ninth Circuit has held the source of a referral to be relevant where there is no objective medical basis for the opinion, *Burkhart v. Bowen*, 856 F.2d 1335, 1339 (9th Cir. 1988), and where there is evidence of "actual improprieties" on the part of the doctor whose report the ALJ chooses to reject. *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996) (per curiam). Under certain circumstances, the ALJ may consider the purpose for which a doctor's report was obtained. *See Burkhart*, 856 F.2d at 1339. Here, however, the Court finds that those unique circumstances are not present. Nevertheless, given the multitude of other supported reasons for according little weight to the check-box portion of Dr. Arnold's report, the Court finds the ALJ's error for emphasizing the source of the referral is harmless. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (an error is harmless when the correction of that error would not alter the result). An ALJ's decision will not be reversed for errors that are harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991)).

The check-box portion of Dr. Arnold's report is just that, checked boxes. Tr. 470-472. A check-box form is generally entitled to little weight. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made was permissible). In the section of the check-box report which provides the doctor an opportunity to elaborate on his findings, Tr. 472, Dr. Arnold merely wrote "see report." However, Dr. Arnold's narrative report, Tr. 465-469, does not support the assessed marked limitations in the check-box report. For example, as noted by the ALJ, Tr. 38, Dr. Arnold's check-box report indicates Plaintiff had a marked limitation with respect to Plaintiff's ability to maintain attention and concentration

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

for extended periods, yet Dr. Arnold's narrative report specifically states Plaintiff's concentration was within normal limits, Tr. 467. Dr. Arnold's conclusory opinions on the check-box form are unsupported and inconsistent with his own narrative report.

In addition, the check-box findings of Dr. Arnold were contradicted by other medical evidence of record. Tr. 38. In particular, the ALJ accorded weight to the opinion of examining psychologist Jay M. Toews, Ed.D. Tr. 37-38. Dr. Toews examined Plaintiff on October 4, 2011; noted Plaintiff appeared to be under the influence and admitted he had used methamphetamine about three days prior to the evaluation; and assessed a GAF score of 50-55 with substance abuse and 60-65 without substance abuse, which indicates mild to moderate functional limitations. Tr. 324-327. Dr. Toews diagnosed Plaintiff with rule out unspecified substance intoxication; cannabis dependence; methamphetamine abuse; rule out methamphetamine dependence; and antisocial personality disorder and recommended Plaintiff be referred for a comprehensive chemical dependency evaluation. Tr. 327. The ALJ also noted several emergency room records which reflect positive drug screens for THC, amphetamines, methamphetamine, and opiates and evidence possible drug seeking behavior by Plaintiff. Tr. 36-37. These records do not suggest that Plaintiff suffered marked mental limitations. The medical evidence of record conflicts with the marked limitations assessed by Dr. Arnold on the check-box form. Therefore, it was appropriate for the ALJ to find that the weight of the evidence of record contradicted the check-box findings of Dr. Arnold.

The ALJ also stated Dr. Arnold apparently relied quite heavily on the subjective report of symptoms and limitations provided by Plaintiff and seemed to uncritically accept as true most, if not all, of what Plaintiff reported. Tr. 38. As discussed above, the ALJ's credibility finding is supported by the evidence of record and free of error, and a physician's opinion may be disregarded when it is

premised on the properly rejected subjective complaints of a claimant. *Tonapetyan*, 242 F.3d at 1149; *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (the opinion of a physician premised to a large extent on a claimant's own account of symptoms and limitations may be disregarded where they have been properly discounted). Since Plaintiff was properly found by the ALJ to be not entirely credible, the ALJ appropriately accorded little weight to Dr. Arnold's check-box findings which appear to have been based primarily on Plaintiff's subjective complaints.

The ALJ further noted the record contains evidence Plaintiff exaggerated his symptoms and limitations. Tr. 37. The ALJ indicated Dr. Arnold noted Plaintiff's MMPI-2RF profile was judged questionably valid, at best, and his PAI profile indicated mild embellishment. Tr. 37, 38. Dr. Arnold thus assessed marked limitations on the check-box form despite noting evidence of Plaintiff's possible symptom exaggeration in the narrative report.

It is the responsibility of the ALJ to determine credibility, resolve conflicts in medical testimony and resolve ambiguities, *Andrews*, 53 F.3d at 1039, and this Court may not substitute its own judgment for that of the ALJ, 42 U.S.C. § 405(g). Where, as here, the ALJ has made specific findings justifying a decision, and those findings are supported by substantial evidence in the record, this Court's role is not to second-guess that decision. *Fair*, 885 F.2d at 604.

Based on the foregoing, the Court finds the ALJ did not err by giving little weight to Dr. Arnold's check-box findings. The medical evidence of record does not support a more restrictive mental RFC assessment in this case. The ALJ's RFC determination is in accord with the weight of the record evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

1.    Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED June 1, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 11